**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cold Stone Creamery, Inc., an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Nutty Buddies, Inc., a Florida Corporation,<br><br>Defendant. | No. CV12-0420-PHX DGC<br><br>**ORDER** |

Defendant Nutty Buddies, Inc. is both a Cold Stone franchisee and a member of the National Independent Association of Cold Stone Creamery Franchisees, Inc. ("NIACCF"), an association comprised of over one hundred Cold Stone Creamery franchisees. Doc. 21 at 3. The NIACCF filed a Complaint for Declaratory Relief against Plaintiff Cold Stone Creamery, Inc. in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida ("the NIACCF lawsuit"). Doc. 21-1. The NIACCF lawsuit alleges that Plaintiff has failed to provide information pertaining to, and failed to properly account for, certain monies Plaintiff received from third parties designated for the benefit of franchisees. Doc. 21-1 ¶ 1.

After initiation of the NIACCF lawsuit, Plaintiff filed a petition to compel arbitration in this Court. Doc. 1. Plaintiff also moved the United States District Court for the Southern District of Florida to stay the NIACCF lawsuit on the ground that the individual franchisees named in the NIACCF lawsuit, and other franchisees, have

agreements with Plaintiff requiring arbitration in Arizona. Doc. 17-1 at 17. The Florida District Court granted Plaintiff's motion to stay pending a determination by this Court of whether the individual franchisees must submit to arbitration. Doc. 17-1 at 20.

Defendant then moved this Court to dismiss Plaintiff's petition to compel arbitration. Doc. 21. Plaintiff responded with an opposition to the motion to dismiss, and Defendant failed to reply. Doc. 30. The Court will deny the motion to dismiss.

## I.     Legal Standard.

Defendant does not identify the rule of civil procedure under which it brings the motion to dismiss. Doc. 21. Plaintiff assumes the motion is brought under Rule 12(b)(6), and the Court will as well. When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.    Analysis.

The issue before the Court is whether to dismiss Plaintiff's petition to compel arbitration, not whether to compel the parties to arbitrate. Defendant's arguments that NIACCF has associational standing to assert the claims of its members in the NIACCF lawsuit, and that the Court should allow consolidated arbitration in the event that Defendant's motion to dismiss is denied, are irrelevant to the issue before the Court. Similarly, Defendant's argument that NIACCF is not required to arbitrate its disputes with Plaintiff is not applicable because this action seeks to compel Defendant, not the NIACCF, to arbitrate. Finally, Defendant's argument that Plaintiff's petition should be dismissed in favor of the first-filed NIACCF lawsuit misapplies the "first-to-file rule," which requires the same dispute between the same parties. *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th Cir.1982). The NIACCF lawsuit does not involve the same parties as this case.

1   Plaintiff alleges that Defendant entered into one or more franchise agreements with Plaintiff and that the operative agreement, dated June 28, 2004 ("the Franchise Agreement"), contains a broad arbitration clause. Doc. 1 ¶ 3, 4. The arbitration clause requires all controversies or disputes arising between the parties "related in any way to this Agreement or the relationship between the parties" to be arbitrated in Phoenix, Arizona. Doc. 1 ¶ 4. According to Plaintiff, the NIACCF lawsuit asserts claims on behalf of Defendant that arise out of the Franchise Agreement and Defendant's relationship with Plaintiff, and such claims are subject to arbitration. Doc. 1 ¶ 12. Taken as true, these allegations state a claim to compel arbitration.[1]

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 21) is **denied**.

Dated this 3rd day of October, 2012.

_____
David G. Campbell
United States District Judge

---

[1] As to Defendant's argument that Plaintiff's petition is not ripe because it was filed before Defendant has filed an action against it, Plaintiff alleges it has been sued by the NIACCF for claims on behalf of Defendant and others, and that Defendant is attempting to circumvent its obligation to arbitrate, which the Court takes as true.